UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL BEAMER, *et al.*,                                Case No. 10-10104

        Plaintiffs,                                          Mark A. Goldsmith
v.                                                                United States District Judge

FADEL-II FOODS, d/b/a Wendy's,                Michael Hluchaniuk
                                                                  United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO SET ASIDE DEFAULT JUDGMENT (Dkt. 20)**

**I.    PROCEDURAL HISTORY**

Plaintiffs filed this employment discrimination complaint against their former employer on January 11, 2010.  (Dkt. 1).  Plaintiffs, an African-American woman and a transgender African-American man who presents as female, were employed as cashiers at Defendant's fast food restaurant.  (Dkt. 1 ¶ 7).  Plaintiffs' complaint alleges several instances of racial and sexual harassment by co-workers, racial discrimination in scheduling, salary, and promotion, as well as retaliation by management when Plaintiffs reported those transgressions.  (Dkt. 1).  On June 15, 2010, plaintiffs filed a certificate of service of the summons and complaint.  (Dkt. 7).  No answer having been filed, plaintiffs filed a request for clerk's entry of default on July 28, 2010.  (Dkt. 8). The clerk entered the default on July 29, 2010.

(Dkt. 9). On October 1, 2010, plaintiffs filed a motion for entry of default judgment. (Dkt. 13). District Judge Mark A. Goldsmith held a hearing on the motion, pursuant to notice, on December 2, 2010. (Dkt. 14). On April 18, 2011, Judge Goldsmith issued an opinion and order granting plaintiff's motion for entry of default judgment. (Dkt. 16). Subsequently, a hearing was held regarding damages and a judgment in the amount of $250,992 was entered in plaintiffs' favor on July 8, 2011. (Dkt. 18).

On August 19, 2011, defendant filed a motion to set aside the default judgment. (Dkt. 20). Judge Goldsmith referred this matter to the undersigned for report and recommendation. (Dkt. 21). Plaintiffs filed a response on September 6, 2011. (Dkt. 23, 24). Defendant filed a reply on September 20, 2011. (Dkt. 25). The Court held a hearing, pursuant to notice, on October 12, 2011. (Dkt. 22). On November 16, 2011, the Court directed the parties to file supplemental briefing on whether the request for clerk's entry of default was served on defendant in accordance with Federal Rule of Civil Procedure 5(a). (Dkt. 27). On November 23, 2011, plaintiffs filed their supplemental brief. (Dkt. 28, 29). On November 30, 2011, defendant filed its supplemental brief. (Dkt. 30). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to set aside the default judgment be **GRANTED** and that costs

and attorney fees be awarded to plaintiffs.

## II. ANALYSIS AND CONCLUSIONS

### A. Legal Standards

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b). Fed.R.Civ.P. 55(c). The Sixth Circuit recently clarified the interplay between Rule 55(c) and Rule 60(b) in *Dassault Systemes, SA v. Childress*, — F.3d —; 2011 WL 6157309 (6th Cir. 2011). The Court held that "under either rule, our review invokes the well-established factors set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, which assess 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Id.*, quoting 705 F.2d 839, 844 (6th Cir. 1983). The Sixth Circuit noted that although the elements are the same, "the standard for applying them to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c)." *Dassault*, at *3, citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003); *see also INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) ("A default can be set aside for 'good cause shown,' but a default that has become final as judgment can be set aside only under the stricter Rule 60(b) standards for setting aside final,

appealable orders.").

    B.    <u>Discussion</u>

As plaintiffs noted in their response, there is some apparent disagreement about the order in which a trial court should consider the Rule 60(b) requirements and the equitable *United Coin Meter* factors. *See Psychopathic Records, Inc. v. Anderson*, 2010 WL 4683470, *4 (E.D. Mich. 2010) ("[p]rinciples of judicial economy suggest that if there is no basis for setting aside the judgment under Rule 60(b), then a court need not consider the United Coin Meter factors at all." ); *United States v. Bli*, 2010 WL 431760, *5 (E.D. Mich. 2010) (the court "must first determine whether good cause has been shown, before analyzing whether relief is appropriate under Rule 60(b)"). In *Dassault*, the Court did not specifically address which rule should be applied first, but it did hold that the same equitable factors apply under both rules, and they are simply applied more stringently under Rule 60(b). This is consistent with Sixth Circuit cases that, rather than taking a two-step approach, simply apply the *United Coin Factors* more stringently in the context of a default judgment. *See e.g.*, *Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2005) ("[W]hen an entry of default has ripened into a default judgment, we must consider the equitable factors first enunciated in *United Coin Meter* and determine whether the [defendant] has met the stricter requirements of Rule 60(b).")

As an initial matter, the undersigned rejects defendant's claim that the

judgment is void because the Court had no subject matter jurisdiction, that the judgment was obtained by fraud based on the failure to identify and serve the correct defendant, and that the Court lacked personal jurisdiction over the defendant based on improper service of process.  The undersigned is not persuaded that plaintiffs sued the incorrect party, given the admission on the record by counsel that defendant owns the Wendy's restaurant where they worked, that the entity which defendant claimed in the motion was the employer actually owns the Wendy's restaurant at a different location, and because plaintiffs' paychecks were issued by defendant.  In the EEOC proceeding, plaintiffs identified their employer as the particular Wendy's restaurant where they had worked.  Mr. Sullivan identified the respondent as the corporation, instead of the LLC.  Under these circumstances, the undersigned is not persuaded either that plaintiffs did not exhaust their administrative remedies as to the named defendant or that the Court was without subject matter jurisdiction to enter the judgment.

      The parties dispute whether service was properly effectuated.  Plaintiffs' counsel asserts that she followed Rule 4(h)(1)(B) by delivering a copy of the summons and complaint to a "managing agent" of defendant (defendant's store manager) and by mailing a copy to defendant.  Defendant disputes that its store manager was served, via affidavit of manager Brenda Klarman, who denies that she received the summons and complaint.  The undersigned need not resolve the

parties' factual dispute regarding whether proper service was effectuated, given the decision below that, based on excusable neglect, and an evaluation of the *United Coin Meter* factors, the default judgment should be set aside.

Under *Burrell*, when examining Rule 60(b)(1), the culpability element of the *United Coin Meter* factors "is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.'" *Burrell*, 434 F.3d at 832, quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).[1]  A defendant must, therefore, show that the default was due to one or more of these factors before it is permitted to demonstrate that it can satisfy the remaining two *United Coin Meter* factors – a meritorious defense and the lack of prejudice to the plaintiff. *Id.* In evaluating the first *United Coin Meter* factor, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings."

---

[1] The undersigned is aware that defendant did not specifically argue "excusable neglect" under Rule 60(b)(1).  However, the parties specifically and extensively argued about the effect of defendant's failure to properly identify a resident agent for service of process.  The analysis of this issue leads the undersigned to conclude that defendant's failure to be aware of the proceeding until the personal service of the default judgment on Mr. Sullivan was the result of the failure to properly identify a resident agent for service.  This was, under the circumstances of this case, due to excusable neglect.  Plaintiffs also acknowledge in their response brief that, while defendant, oddly, asked for relief under the Michigan Court rules because it had no actual knowledge of the action and it has a meritorious defense, this could be construed as a request for relief under Rule 60(b)(1).  (Dkt. 23, Pg ID 266-67)

*Thompson v. American Home Assur. Co.*, 95 F.3d 429 (6th Cir. 1996), quoting *INVST Financial Group*, 815 F.2d at 399. Plaintiffs argue that defendant's identification of a person who actually lives out of state as its resident agent for service of process constitutes such willful conduct intended to thwart judicial proceedings.

The resident agent appointed by a limited liability company is an agent of the company upon whom any process, notice, or demand required or permitted by law to be served upon the company may be served. Mich. Comp. Laws § 450.4207(2). There is no dispute that the records on file with the State of Michigan show that James Fadele is the resident agent for defendant, with an address of 15145 Reeck Rd, Southgate, MI 48195. Rather, this address is the home address of Mr. Fadele's partner and part-owner of defendant, Alan Sullivan. Michigan law requires that a limited liability company maintain, in this state, both a registered office and a resident agent. The resident agent may be either (1) an individual resident in this state whose business office or residence is identical with the registered office or (2) any of the following having a business office identical with the registered office: (I) A domestic corporation; (ii) A foreign corporation authorized to transact business in this state; (iii) A domestic limited liability company; (iv) A foreign limited liability company authorized to transact business in this state. Mich. Comp. Laws § 450.4207(1)(b). Since an individual person, not

a corporation or LLC was identified as the resident agent, the second option does not apply.  As to the first option, there is also no dispute that Mr. Fadele is and was not at the time service was attempted, a "resident in this state."  Thus, it is clear that defendant did not maintain a proper resident agent as required by Michigan law.  The question is, does this failure constitute willful or culpable conduct in this context.

The parties were not able to point the Court to any authority on this specific issue in Michigan or the Sixth Circuit and the undersigned was unable to locate any such authority.  However, two unpublished decisions from other federal district courts illustrate when such conduct may be deemed "culpable" and when such conduct is merely "neglectful."  In the first case, the Eastern District of New York determined that the entry of a default was not willful even though the defendant failed to keep the address of its registered agent current with the New York Secretary of State.  *Walden v. Lorcom Technologies, Inc.*, 2007 608151, *3 (E.D. N.Y. 2007).  The court concluded that such conduct was merely neglectful or careless but did not satisfy the standard for "willful" in the context of Rule 55(c). *Id*.  The court also pointed out that defaults are generally not found to be "willful" where the defaulting party did not have actual notice of the litigation.  *Id*. citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 99 (2d Cir. 1993) ("Thus, assuming that [defendant] did not receive the second amended complaint, there could be no

'willfulness' in his failure to answer that pleading. When he finally received a copy of this pleading, along with [plaintiff's] motion for entry of default, he responded immediately, making clear that he was not willing to forfeit his rights."); *Saifullah v. U.S. Parole Comm'n*, 1991 WL 58280, at *1 (E.D. N.Y. 1991) ("Courts have held a default to be willful when a defendant knew about the complaint and failed to respond."). The second case, *Markel Ins. Co. v. Dahn Yoga & Health Centers*, 2010 WL 1980307, *5-6 (W.D. Wash. 2010), reached a different result, but used similar reasoning. In this case, the court found the defendant's conduct, which included the failure to update the name and address of its resident agent, to be culpable because the defendant had actual notice of the lawsuit. Specifically, an agent of the defendant represented to the process server that he had the authority to accept service of process. The court held that this service, even if actually improper, along with the notice provided in the waiver of service previously sent, constituted culpable conduct because the defendant had received actual or constructive notice of the filing and intentionally failed to answer. *Id*. Notably, the defendant admitted that its manager had accepted service of process and admitted that it had received the request for waiver of service. *Id*. In contrast, defendant in this case vehemently denies receipt of the waiver form or personal service of the summons and complaint on its manager. Given these circumstances, the undersigned concludes that defendant's conduct in failing to properly identify

its resident agent constitutes mere neglectful or careless conduct, rather than willful conduct.

The second *United Coin Meter* factor is prejudice to the plaintiff. As to prejudice to plaintiffs in this case, it seems readily apparent that they would be significantly prejudiced if the default judgment were set aside, given the loss of a $250,000 judgment, and being forced to expend additional resources to pursue the claims in this case.

As to the third factor, a defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citation and quotation marks omitted) (emphasis in original). If a defense is "good at law," regardless of the likelihood of success, it will be considered meritorious. *Id*. quoting *United Coin Meter*, 705 F.2d at 845. As explained in *Dassault*, "the test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. *Id*. at 843 (citation omitted). Thus, even conclusory assertions may be sufficient to establish the "hint of a suggestion" needed to present a meritorious defense. *Id*. (internal quotation marks omitted). "All that matters is whether a well-stated defense, if sustained, would change the outcome." *United States v. $22,050.00 U.S. Currency*, 595 F.3d

318, 326 (6th Cir. 2010). "A defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense. The key consideration is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Smith v. C.I.R.*, 926 F.2d 1470, 1480 (6th Cir. 1991), quoting *INVST Financial Group, Inc.*, 815 F.2d at 399.

In this case, the affidavit of Mr. Sullivan provides factual allegations that support a meritorious defense. Specifically, he says that plaintiffs were not terminated or discriminated against in any manner; rather, they quit after being disciplined for legitimate business reasons. (Dkt. 20-3, Pg ID 109). As to plaintiff Price, her cash drawer was found to be short on several occasions and she was unable to account for these shortages. According to Mr. Sullivan, he offered to reassign her to another position in the company where she could remain employed, but not be assigned to a cash register. Mr. Sullivan attests that Ms. Beamer made complaints of sex and race discrimination against the Store Manager and demanded that the manager be terminated.[2] Mr. Sullivan conducted an internal investigation and was not able to substantiate Ms. Beamer's claims. In an apparent effort to

---

[2] Strangely, this manager is identified by defendant in Mr. Sullivan's affidavit as Yvonne Mezo and by plaintiffs in their complaint as Steve Mezo. However, the store manager at the location where plaintiffs work, as it relates to service, was identified as Brenda Klarman.

address Ms. Beamer's complaints, Mr. Sullivan offered Ms. Beamer an alternate position at another Wendy's location. He says she refused to show up for work and effectively quit her employment. *Id*. As to any harassment claim, the taking of prompt remedial action provides a defense. *See e.g.*, Davis *v. Monsanto Chem. Co.*, 858 F.2d 345, 349-350 (6th Cir. 1988) (concluding that summary judgment was appropriately granted in favor of the defendant/employer where no further harassment occurred following notice to employer and employer's prompt remedial action). As to plaintiffs' discrimination and retaliation claims, if defendant can establish a "legitimate, nondiscriminatory reason" for taking the actions complained of, it may have a defense. *See e.g.*, *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Thus, in the view of the undersigned, defendant has established a meritorious defense.

The weighing of these factors tips in favor of defendant and setting aside the default judgment. There is obviously a strong public policy favoring the finality of judgments as reflected in the more specific requirements of Rule 60(b) that apply once an actual default judgment has been entered and damages have been calculated. *Burrell*, 434 F.3d at 832, citing *Waifersong*, 976 F.2d at 292. However, "the competing policy consideration that values the disposition of cases on their merits dictates that the court 'should ... construe[ ] all ambiguous or

disputed facts in the light most favorable to the defendant[ ].'" *Burrell*, 434 F.3d at 832, quoting *INVST Financial Group*, 815 F.2d at 398 (reversing the denial of relief from a default judgment because the defendant had a credible explanation for its delay in filing an answer) (citation and quotation marks omitted). Consequently, all factual doubts in the present case should be resolved in favor of the defendant. *Id*. As explained above, there does not appear to be an intent to thwart judicial proceedings or a reckless disregard on the part of defendant in this case. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) ("Where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency."). While there is prejudice to plaintiffs, it does not outweigh the balance of the other factors in favor of defendant and the law's abhorrence of defaults and a strong preference for a trial on the merits. *See e.g.*, *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir.1986). For these reasons, the undersigned concludes that setting aside the default judgment is appropriate.

The undersigned also concludes that defendant is not blameless, given its failure to provide a proper name and address for its resident agent for service. Thus, the undersigned also recommends that plaintiff be awarded all costs and

attorney fees incurred thus far in prosecuting this action. If this report and recommendation is adopted, the undersigned suggests that plaintiffs' counsel submit a bill of costs and supporting affidavit for all costs and fees incurred.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to set aside the default judgment be **GRANTED** and that attorney fees and costs be awarded to plaintiffs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 17, 2012               s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 17, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Mary K. Kator and Shereef H. Akeel.

                                     s/Tammy Hallwood
                                     Case Manager
                                     (810) 341-7887
                                     tammy_hallwood@mied.uscourts.gov