UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL BEAMER, et al.,

    Plaintiffs,

vs.

FADEL-II FOODS,

    Defendant.
_____/

Civil Action No.
10-CV-10104

HON. MARK A. GOLDSMITH

## OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF JANUARY 17, 2012, AND GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

**I.    Introduction**

Before the Court is the report and recommendation (R&R) issued by Magistrate Judge Michael Hluchaniuk on January 17, 2012 (Dkt. 31), along with the underlying motion, Defendant's motion to set aside default judgment (Dkt. 20).

**II.    Background**

Both this Court and the Magistrate Judge have given thorough consideration to the motion, as demonstrated by the significant procedural history. Magistrate Judge Hluchaniuk received a full round of briefing on the motion, and held a hearing on the motion on October 12, 2011. Subsequent to the hearing, Magistrate Judge Hluchaniuk required the parties to submit an additional round of briefing. After the Magistrate Judge issued his R&R, Plaintiffs filed objections (Dkt. 32), to which Defendant responded (Dkt. 33), followed by Plaintiffs' reply (Dkt. 34). After reviewing the parties' filings, the Court held an evidentiary hearing on March 26, 2012, addressing Defendant's contention that there was no service of the

summons/complaint and the issue of excusable neglect with regard to Defendant's incorrect listing of its resident agent. The matter is now ready for decision.

The R&R's account of the facts and procedural history of this matter is thorough, and this Court need not set it out again. With regard to the legal issues, the R&R concluded that Defendant was entitled to have the default judgment set aside on the basis of "excusable neglect" within the meaning of Federal Rule of Civil Procedure 60(b)(1). The R&R noted that the parties disputed whether service was properly effectuated, but concluded that it need not reach that issue because of its recommendation that the default judgment against Defendant should be set aside. Finally, the R&R concluded that Plaintiffs were entitled to their costs and attorney fees for all matters related to obtaining the default, procuring the default judgment, and defending against the set-aside of the default judgment.[1]

Plaintiffs object to the R&R on two grounds. First, Plaintiffs argue that the Defendant's failure to designate a proper resident agent for service of process does not meet the definition of excusable neglect under the caselaw. Second, Plaintiffs argue that the R&R misapplied the "culpability" factor when it concluded that Defendant's default was not willful.[2]

---

[1] The R&R also rejected Defendant's claims that (i) the judgment was void because the Court had no subject matter jurisdiction, (ii) the judgment was obtained by fraud based upon Plaintiffs' failure to identify and serve the correct Defendant, and (iii) the Court lacked personal jurisdiction over Defendant based on improper service of process. R&R at 5 (Dkt. 31). Defendant did not file any objections to the R&R, and thus, does not challenge these conclusions.

[2] Although Defendant did not file any objections, in its response to Plaintiffs' objections, Defendant argues that Plaintiffs were required to (and did not) serve Defendant with the notice of entry of default under Federal Rule of Civil Procedure 5(a). Although this argument is not properly made because it is not a response to Plaintiffs' objections, but is an independent legal argument that was required to be made as an objection, for purposes of clarity, the Court notes that Defendant is incorrect on the merits. Rule 5(a) states: "(2) If a Party Fails to Appear. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Defendant's position is that at the time Plaintiffs' request for entry of default was filed, Defendant was not yet in default; therefore Defendant had to be

**III.     Analysis**

   **A.     Service of Process**

The Court first examines whether Defendant was properly served.  This is because if Defendant was not served in the first place, default judgment against Defendant is improper.  Plaintiffs admittedly had difficulty effectuating proper service due to Defendant's failure designate a proper resident agent for service of process, as required by Michigan law.  The certified mailing containing the summons and complaint sent to Defendant's registered agent (James Fadele) at the registered address (15145 Reeck Road, Southgate, Michigan) was returned by the post office as "unclaimed."  The subsequent mailing addressed to Alan Sullivan, part owner of Defendant – a notice of the lawsuit and a request to waive service of the summons, which was mailed to Sullivan's home address – received no response.  However, Plaintiffs claim they did successfully effectuate service when counsel for the Plaintiffs personally served Defendant's store manager with the summons and complaint.

---

served with the request for entry of default under Rule 5(a).  However, this understanding is incorrect.  Rule 5(a) only asks whether a party is in default, not whether there has been an entry of default.  This difference is significant.  See New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) ("A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.  An entry of default is what the clerk enters when the default is established by affidavit or otherwise.").  Defendant here defaulted when it failed to timely respond to the complaint.  After that happened, Defendant was no longer entitled to service.  This is the conclusion of the courts of appeals that have addressed the question, including the Sixth Circuit in an unpublished opinion.  See, e.g., Cutting v. Town of Allenstown, 936 F.2d 18, 21 n.1 (1st Cir. 1991) ("Defendants' argument that notice of plaintiffs' motion for default judgment was required under Fed. R. Civ. P. 5(a) because, at the time it was made, the clerk had yet to enter a default, is without merit.  Where defendants, as here, were served with the summons and do not appear and answer within the required period, they are 'parties in default' for Rule 5(a) purposes."); Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982) ("A court need not have adjudicated a party as being in 'default' for Rule 5(a)(2) to apply."); Elliott v. Wal-Mart Inc., No. 97-3526, 149 F.3d 1183, 1998 WL 385911, at *2 (6th Cir. July 2, 1998) ("The Elliotts had no duty to serve a copy of the motion for default when Wal-Mart had not appeared in the case."); cf. 28 Federal Procedure, Lawyers Edition § 65:227 ("If a defendant is served with a summons and does not appear and answer within the required period, it becomes a party in default for Fed. R. Civ. P. 5(a) purposes.").

See Fed R. Civ. P. 4(h)(1)(B) (a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent . . .").[3]

The evidentiary hearing before the Court squarely addressed this issue, and after careful consideration, the Court finds that the evidence supports the conclusion that Plaintiffs did serve Defendant by personally serving Defendant's store manager with the summons and complaint on May 24, 2010. The Court found convincing Plaintiffs' counsel's testimony detailing her traveling to the Wendy's restaurant, asking for the store manager, speaking with the store manager concerning the court papers, and leaving the papers with the store manager with instructions to give them to Alan Sullivan. Plaintiffs' counsel's account was detailed and credible. The Court credits this testimony over that of store manager Brenda Klarman, whose testimony contained blanket denials of ever having seen Plaintiffs' counsel or having seen "any papers." Notably, on cross examination and on questioning by the Court, Klarman allowed that, although she was not scheduled to still be at work at the time Plaintiffs' counsel stated that she served the papers,[4] she does work beyond her scheduled hours with some frequency, and she could not remember when she left work on the day in question. Similarly, Klarman testified that, although she is required to be in uniform at work, she might change at the restaurant at the end or her work day before leaving if she had something else to do after work. Thus, Plaintiffs' counsel's testimony that the store manager who matched the description of Brenda Klarman was not in uniform when she met with her is not rebutted by Klarman's testimony concerning the uniform policy at work.

---

[3] Defendant does not argue that the Wendy's store manager was not "a managing or general agent" under the statute, and there is no reason to conclude that under the circumstances of this case a store manager does not meet the description. See, e.g., In re Butts, No. 06-4594, 2007 WL 1722805, at *6 (E.D. Pa. June 13, 2007) (office manager sufficient); Hong-Ming Lu v. Primax Wheel Corp., No. C 04-4170 JSW, 2005 WL 807048, at *2 (N.D. Cal. Apr. 7, 2005) (same).

[4] Plaintiffs' counsel testified that she served the papers around 11:40am, and Klarman was scheduled to work that day from 5:00am to 10:00am.

4

Accordingly, the Court concludes that Defendant was properly served when Plaintiffs' counsel personally delivered the complaint and summons to the Wendy's store manager on May 24, 2010.

### B. Whether to Set Aside the Default

It is undisputed that Defendant did not respond to the complaint, or otherwise participate in the case, leading to this Court's entry of a default, and subsequently, a default judgment. Defendant moves to set aside the default judgment. Thus far, both parties have focused on Defendant's listing of an incorrect resident agent as the excuse for Defendant's failure to act, and the basis for its request to set aside the default. However, as Defendant was successfully personally served via its Wendy's store manager, the relevant issue is Defendant's failure to respond to the complaint after having been served via the store manager. Defendant does not offer a specific explanation for this particular failure. Rather, Alan Sullivan, part owner of Defendant Wendy's contends that he never received any papers related to the suit, either in the regular mail to his house, or in the mail that he picks up from his Wendy's stores, and that had he seen any such papers or envelope, he would have opened them and called his attorney immediately, as he did when he received the judgment in person from Plaintiffs' counsel.

#### 1. The Rules Governing Defaults and Default Judgments

Federal Rule of Civil Procedure 55 explains that courts "may set aside an entry of default for good cause, and [] may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When evaluating whether there is good cause sufficient to set aside an entry of default, courts consider whether "(1) the default was willful, (2) a set-aside would prejudice [the] plaintiff, and (3) the alleged defense was meritorious." Dassault Systemes, SA v. Childress, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting, inter alia, United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 844 (6th Cir. 1983)). The movant bears the

burden of establishing that these factors favor setting aside the default. Franchise Holding II, LLC. V. Huntington Rest. Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).

This standard applies to defaults. But "a stricter standard of review applies for setting aside a default once it has ripened into a judgment." United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video, 195 F.3d 819, 820 (6th Cir. 1999); see also Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992) ("[O]nce the court has determined damages and a [default] judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation."). At that point, both the "good cause" requirement of Rule 55(c) and the requirements of Rule 60(b) must be satisfied. See Thompson v. American Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) ("Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in United Coin Meter and find that one of the specific requirements of Rule 60(b) is met."). In this case, the pertinent part of Rule 60(b) is the first section, which enables courts to grant relief from final judgments in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The application of the standard is as follows: the party seeking relief from the default judgment must show excusable neglect pursuant to Rule 60(b)(1), which would then satisfy the first prong of United Coin Meter. If that can be established, the Court then turns to the last two factors of United Coin Meter. See Citizens Bank v. Parnes, 376 F. App'x 496, 503-04 (6th Cir. 2010) (explaining these points); Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992) (same). When evaluating the merits of a 60(b) motion, courts are to be mindful that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake rather than willful misconduct, carelessness or negligence there is especial need to apply Rule 60(b)

6

liberally." United Coin Meter, 705 F.2d at 845 (internal quotation marks omitted). Thus, a "district court must apply Rule 60(b) equitably and liberally . . . to achieve substantial justice." Id. (internal quotation marks omitted).

### 2. Excusable Neglect

As the Sixth Circuit has explained,

> [A] party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct. . . . To show that the default did not result from culpable conduct, a party must demonstrate the requirements of Rule 60(b)(1) – that the default was the product of mistake, inadvertence, surprise, or excusable neglect.

Tri-Corner Investments LLC v. First Defense Intern. Group, Inc., 361 F. App'x. 629, 631 (6th Cir. 2010) (internal quotation marks and citations omitted). With regard to Rule 60(b)'s "excusable neglect" category, it is understood to refer to situations in which Defendant's failure to act "is attributable to negligence." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394 (1993). The question is whether, in the circumstances of a particular case, the negligence is excusable. The Sixth Circuit explains the relevant considerations:

> Ascertaining whether neglect is excusable is an equitable determination taking into account all relevant circumstances, including the following factors set forth by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993): "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 386 (6th Cir. 2001) (citing Pioneer Inv. Servs., 507 U.S. at 395, 113 S. Ct. 1489).

Tri-Corner, 361 F. App'x. at 631-32.

Crediting Defendant's assertion that Alan Sullivan did not receive the complaint and summons delivered to his Wendy's store manager,[5] there can be no question that this reflects

---

[5] The "policy consideration that values the disposition of cases on their merits dictates that the court should . . . construe[] all ambiguous or disputed facts in the light most favorable to the defendant." Burrell v. Henderson, 434 F.3d 826, 832 (6th Cir. 2006).

7

negligence on the part of Defendant. Turning to whether that negligence is excusable, the Court considers the five Pioneer/Jinks factors. With regard to the danger of prejudice to Plaintiff, the Court concludes that there is little to no danger of prejudice. Although a significant amount of time has passed, neither delay nor increased litigation cost constitute prejudice without a showing that the delay will result in the loss of evidence or increased difficulties concerning discovery. Dassault Systemes, SA v. Childress, 663 F.3d 832, 842 (6th Cir. 2011). Plaintiffs have not argued that they will experience such difficulties, and the Court does not see any reason to conclude Plaintiffs will be prejudiced. With regard to the length of the delay, it cannot be disputed that the delay has been significant. Defendant was personally served on May 24, 2010. Defendant did not enter and appearance in the case and file its motion to set aside default judgment until August 18, 2011. With regard to the delay's potential impact on judicial proceedings, the Court determines that this factor favors Defendant. Although judicial proceedings have been significantly delayed, there is no indication that the discovery proceedings have become more complicated because of that delay, nor is there any other indication that the court's evaluation of this case in the future will be made more difficult by the initial delay. With regard to the reason for the delay, this factor is squarely in Plaintiffs' favor. The delay is attributable solely to Defendant. With regard to whether the movant acted in good faith, the Court has no reason to conclude that Defendant acted in anything other than good faith.

Thus, factors one, three, and five favor Defendant; factors two and four favor Plaintiffs. Considering all of the factors, and also bearing in mind courts' strong preference, for deciding cases on their merits, see United Coin Meter, 705 F.2d at 845, the Court concludes that Defendant's neglect is excusable. Cf. In re Olson, No. 10-cv-10926, 2010 WL 2629922, at *2 (E.D. Mich. June 28, 2010) (resolving split factor result by noting preference for determining cases on the merits and negligible prejudice caused by the delay).

In addition to being consistent with the courts' well-established preference for decisions on the merits, this conclusion is also consistent with caselaw indicating that a party's lack of actual notice of the service of process on it may be sufficient reason to support a finding of excusable neglect.  See Thompson v. American Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) ("[T]he lack of actual notice of a lawsuit is a sufficient reason for the district court to set aside a judgment under Rule 60."); 11 Charles Alan Wright et. al, Federal Practice and Procedure § 2858 (2d ed. 1995) ("Judgments have been set aside . . . when a party had no actual knowledge of the service of process on him."); see also Primus Automotive Fin. Servs., Inc. v. Otto-Wal, Inc., 284 F. Supp. 2d 845, 847-48 (N.D. Ohio 2003) (relief from judgment granted where party was not aware of court's entry of judgment against it).  This has been the case even when the movant is at fault.  See Blois v. Friday, 612 F.2d 938 (5th Cir. 1980) (setting aside a default judgment for the defendant, when the plaintiff lacked actual notice of the defendant's motion for summary judgment, even though it was the plaintiff that had failed to file notice of his change in address).

### C.     Other Factors

Having determined that there was excusable neglect, and thus meeting the first United Coin Meter factor, the Court now evaluates the remaining two factors:  whether setting aside the default judgment would prejudice Plaintiff, and whether the alleged defense is meritorious.  See Dassault Systemes, 663 F.3d at 838-39.  With regard to whether setting aside the default judgment would prejudice Plaintiffs, the Court notes its earlier conclusion that there is no indication that Plaintiffs' case has been prejudiced by the delay.  Further, if the Court were to set aside the default judgment, as the R&R recommended, Defendant would be responsible for all attorney costs and fees associated with the Plaintiffs' prosecution of the case thus far (i.e., everything after the service of process).  So, Plaintiffs would also not be financially harmed by the loss of the default judgment.  With regard to the meritoriousness

of the defense, the standard is low. "[A] defense is meritorious if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Burrell v. Henderson, 434 F.3d 826, 834 (6th Cir. 2006); see also INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 399 (6th Cir. 1987) (requiring only "a hint of a suggestion which, proven at trial, would constitute a complete defense"). As the R&R correctly explains, Defendant meets this low standard. R&R at 11-12.

After evaluating the relevant factors, the Court concludes that all weigh in favor of Defendant. Accordingly, Defendant's motion to set aside default judgment will be granted.

### IV. Conclusion

For the foregoing reasons, the Court accepts the conclusion of the R&R and grants Defendant's motion to set aside default judgment. Dkt. 20. Within seven days of the date of this Opinion, counsel for Plaintiffs shall serve and file an affidavit setting forth the attorney fees and costs incurred after the service of process in this matter. If Defendant wishes to respond, any response must be submitted within seven days after the filing of Plaintiffs' counsel's affidavit. The Court thereafter will make a determination of the costs and fees owed to Plaintiffs.


Dated: March 29, 2012　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 29, 2012.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager